Elwood & Co. v. Crowley, Garnishee.

1. **Garnishment**: MANNER OF EXAMINING GARNISHEE: PRACTICE. Under the provisions of § 2982 of the Code, a plaintiff in garnishment has not the absolute right to examine the garnishee under oath before the court, or before a commissioner to be appointed by the court, without let or hindrance as to the pertinency of the examination; but it is within the power and discretion of the court to require that written interrogatories shall be filed, the competency of which shall be passed upon by the court before being answered by the garnishee,

*Appeal from Montgomery Circuit Court.*

MONDAY, JUNE 9.

THE plaintiffs and other creditors of one E. Mitchell commenced an action against him by attachment, and garnished W. M. Crowley, who was notified to appear and answer as garnishee on the first day of the next term of the circuit court. Crowley appeared in obedience to the notice, and the court adjourned on that day, without taking any action upon the garnishment. After the adjournment, Crowley filed sworn answers, containing denials of the statutory questions provided in such cases. On the morning of the second day of the term, the plaintiffs had their several cases docketed as against the garnishee, and on the same day moved to strike from the files the answer of the garnishee, and for judgment against him for the amount of plaintiffs' claims.

The motions were overruled, and, in the order overruling the motion, the court found that the garnishee was present in court on the first day of the term, and that he was then (at the time the order was made) "in open court ready and willing to answer any and all further questions touching his liability as garnishee that the court may order propounded;" and the court gave the plaintiffs until the next morning to submit to the court additional interrogatories in writing, to be propounded to the defendant, touching his liability as garnishee. And it was further ordered that such questions, when so pre-

sented and approved by the court, should be propounded to said garnishee, and for taking said answer a commissioner should be appointed.

The plaintiffs declined to file written interrogatories, and on the next day they moved the court to compel Crowley to appear before the court in person and submit to a personal examination by counsel, or before a commissioner appointed by the court. This motion was overruled, because no written interrogatories to be propounded to Crowley were attached to the motion. On the next day, Crowley filed a motion to be discharged as garnishee. The motion was sustained, upon the ground that no written interrogatories had been filed as required by order of the court, and because the plaintiffs had not controverted the answers of the garnishee already filed. The plaintiffs appeal.

*Junkin & Deemer* and *C. E. Richards*, for appellants.

*C. D. Kasson* and *Smith McPherson*, for appellee.

ROTHROCK, CH. J.—If the court was in error in overruling the motion to strike the sworn answers from the files, it was without any prejudice to the plaintiffs. The garnishee was then present in court ready to be examined as such, in such manner as should be required by the court. He remained personally present until the last order was made in the case, and was ready and willing to answer as directed by the court. If the order, as made by the court as to his examination, is such as is authorized by law, the sworn answers previously made, although they may have been improperly filed, were no prejudice to the plaintiffs, because they would have in no manner interfered with an examination of the garnishee upon questions and answers.

The case, then, turns upon the question whether it was the right of the plaintiffs to examine the defendant on oath before the court, or before a commissioner to be appointed by the court, without let or hindrance as to the pertinency of the

examination; or was it within the power and discretion of the court to require that written interrogatories should be filed, the competency of which should be passed upon by the court before being answered by the defendant?

Section 2982 of the Code provides that " the questions propounded to the garnishee in court may be such as are above prescribed to be asked by the sheriff, and such others as the court may think proper and right."

We think that, under this provision of the statute, it is within the discretion of the court to require that questions shall be reduced to writing and submitted to the court before answer. It is true that the court might require the garnishee to appear before it and submit to an oral examination, and the court could then and there determine whether the questions propounded were proper and right. But this is not practicable. Courts, while in open session, usually have more important business than to preside over a proceeding by which counsel are seeking by a legal drag-net to discover property or credits in the hands of a garnishee. The examination is usually conducted by a commissioner. But, if a commissioner is appointed, the court is not absolved from determining what are and what are not proper questions. The garnishee may refuse to answer before the commissioner, and the matter must then be referred to the court. It is not improper for the court to determine upon the line of examination before it is commenced. The plaintiffs cannot be prejudiced by this course of proceeding. He has the right to take issue with the garnishee, and try the question as to his liability in the regular method for the trial of an action.

In our opinion, there was no abuse of the discretion of the court in making the order complained of, and we think that plaintiffs have no substantial cause of complaint.

AFFIRMED.